R3M Law, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff
William C. Buzzini

*Attorneys for Petr Raziyev*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :
PETR RAZIYEV                                                 :   Chapter 11
                                                             :   Case No. 23-44424 (NHL)
                          Debtor.                            :
------------------------------------------------------------ x
GREGORY KATS; ALEXANDER TSINIS and                           :
DIANA TSINIS, as Co-Administrators of the Es-                :
tate of Eduard Tsinis, individually and derivatively         :   Adv. Pro. No. 24-1038
on behalf of M&P Food Productions, Ltd.,                     :
                                                             :
                          Plaintiff,                         :
                                                             :
              -against-                                      :
                                                             :
PETR RAZIYEV,                                                :
                                                             :
                          Defendant.                         :
------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT
# OF DEBTOR'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

THE STANDARD ON A MOTION TO DISMISS .............................................................. 1

FACTUAL BACKGROUND ................................................................................................ 2

    A.   The Purchase and Operation of M & P Food Productions, Ltd. .......................... 2

    B.   M&P's Payments to Plaintiffs and Plaintiffs' Assertion Of Ownership Interest in M&P .. 3

    C.   The Kings County Action ..................................................................................... 3

DISCUSSION ........................................................................................................................ 4

    A.   Plaintiffs' 11 U.S.C. § 523 Action is Premature .................................................. 4

    B.   Plaintiffs Fail to State a Cognizable Claim Under § 523(a)(2)(A) ....................... 4

    C.   Plaintiffs Lack Standing to Bring 11 U.S.C. § 523 Claims .................................. 5

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Am. Psych. Ass'n v. Anthem Health Plans, Inc.*,
  821 F.3d 352 (2d Cir. 2016) ................................................................................................. 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 2

*Blixseth v. Blixseth (In re Blixseth)*,
  459 B.R. 444 (Bankr. D. Mont. 2011) ................................................................................. 7

*Corner Furniture Disc. Ctr. v. Sapirstein*,
  No. 30522/2018E, 2019 N.Y. Misc. LEXIS 19600 (Bronx Cnt'y Sup. Ct. June 14, 2019) ....... 6

*DiFolco v. MSNBC Cable LLC*,
  622 F.3d 104 (2d Cir. 2010) ................................................................................................. 2

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ............................................................................................................... 2

*Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of N. Y.*,
  375 F.3d 168 (2d Cir. 2004) ................................................................................................. 2

*Fledderman v. Glunk (In re Glunk)*,
  343 B.R. 754 (Bankr. E.D. Pa. 2006) .................................................................................. 5

*Grogan v. Garner*,
  498 U.S. 279 (1991) ............................................................................................................. 5

*GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd.*,
  580 F. Supp. 2d 321 (S.D.N.Y. 2008) ................................................................................. 2

*Holzhueter v. Groth (In re Holzhueter)*,
  575 B.R. 444 (Bankr. W.D. Wis. 2017) .............................................................................. 5

*Hulbert v. Cheeks (In re Cheeks)*,
  467 B.R. 136 (Bankr. N.D. Ill. 2012) .................................................................................. 7

*In re Bank of N.Y. Derivative Litig.*,
  2000 U.S. Dist. LEXIS 16502 (S.D.N.Y. Nov. 13, 2000) ................................................ 6, 7

*In re Bohn*,
   Nos. 13-35854 (RG), 14-1241 (RG), 2015 Bankr. LEXIS 1706 (Bankr. D.N.J. May 19, 2015)....5

*Kessler-Maue v. Maue (In re Maue)*,
   611 B.R. 367 (Bankr. W.D. Wash. 2019) ................................................................................ 5

*Kitzen v. Hancock*,
   No. CV 17-6926 (ADS) (AKT), 2019 U.S. Dist. LEXIS 15887 (E.D.N.Y. Jan. 29, 2019) ....... 6

*Laufer v. Olla Indus., Inc.*,
   96 F.R.D. 230 (S.D.N.Y. 1982), *aff'd*, 729 F.2d 1444 (2d Cir. 1983)........................................ 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ................................................................................................................ 6

*Romain v. Seabrook*,
   No. 16-CV-8470 (JPO), 2017 U.S. Dist. LEXIS 207056 (S.D.N.Y. Dec. 15, 2017) ................ 7

*Sajust, LLC v. Mendelow*,
   198 A.D.3d 582 (1st Dep't 2021) ............................................................................................ 7

*Serino v. Lipper*,
   123 A.D.3d 34 (1st.Dep't 2014) .............................................................................................. 6

*Terry v. Charitable Donor Advised Fund, L.P.*,
   No. 1:21-cv-11059-GHW, 2024 U.S. Dist. LEXIS 18009 (S.D.N.Y. Feb. 1, 2024).................. 6

*Treasures London Ltd. v. Keswani (In re Keswani)*,
   Nos. 20-10315-JLG, 20-01084-JLG, 2021 Bankr. LEXIS 1292, (Bankr. S.D.N.Y. May 12,
   2021) ....................................................................................................................................... 4

*Whittaker v. Whittaker (In re Whittaker)*,
   564 B.R. 115 (Bankr. D. Mass. 2017) ..................................................................................... 5

*Wolf v. Rand*,
   258 A.D.2d 401 (1st Dep't 1999) ........................................................................................ 6, 7

**Statutes**

11 U.S.C. § 523.................................................................................................................... passim

Fed. R. Civ. P. 23.1 ........................................................................................................................ 7

**Other Authorities**

4 Collier on Bankruptcy, 5
   23.08 (15th rev. ed. 2005)........................................................................................................ 5

Petr Raziyev (the "Debtor" or "Defendant"), by his attorneys R3M Law, LLP, respectfully submits this memorandum of law in support of his motion to dismissing the complaint in this adversary proceeding (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) and 23.1 (the "Rules") and Fed. R. Bankr. Pro. 7012 and 7023.1 (the "Bankruptcy Rules").

**PRELIMINARY STATEMENT**

The Debtor, Gregory Kats ("Kats") and Eduard Tsinis ("Tsinis") had a dispute regarding the ownership of M&P Food Productions, Ltd. ("M&P"). In an action commenced in state court, the referee found that Kats and Tsinis were 49% shareholders of M&P. In the same complaint, Kats and Tsinis sought damages against the Debtors derivatively on behalf of M&P for breach of various alleged fiduciary duties. They did not seek damages to themselves individually. A copy of the state court complaint is attached as an exhibit to the Complaint in this adversary proceeding.

On November 30, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Case"). In Schedule F filed with the petition, the Debtor listed Kats and Tsinis as each having a $500,000 fixed, liquidated and non-contingent claim based upon the prepetition state court complaint. On April 11, 2024, the Debtor amended his schedules to clarify that Plaintiffs' claims are derivative in nature, and are otherwise contingent, unliquidated and disputed. The Debtor also scheduled the Plaintiffs with individual claims in unknown amounts that are contingent, unliquidated and disputed, in the event this Court determines that the Plaintiffs have adequately pled individual claims. Plaintiffs have not filed proofs of claim in the Case.

**THE STANDARD ON A MOTION TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). While a complaint need not make "'detailed factual allegations,'" it must contain more than mere "'labels and conclusions' or [ ] 'formulaic recitation[s] of the elements of a cause of action.'" *Id.*, quoting *Twombly*, 550 U.S. at 555. A complaint with "'naked assertions' devoid of 'further factual enhancement'" is insufficient. *Id.*, quoting *Twombly*, 550 U.S. at 557. Further, where the complaint's factual allegations permit the court to infer only a possible, but not a plausible, claim for relief, it fails to meet the minimum standard. *Id.* at 679.

In ruling on a motion to dismiss, the court's task "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd.*, 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008), quoting *Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of N. Y.*, 375 F.3d 168, 176 (2d Cir. 2004). The court must take as true the allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam); *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 110-11 (2d Cir. 2010). However, this is inapplicable to legal conclusions and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.

## FACTUAL BACKGROUND

A. **The Purchase and Operation of M & P Food Productions, Ltd.**

The Plaintiffs employed the Debtor as a truck driver in the early 2000s. In 2003, the Debtor learned that M&P was for sale. Complaint, ¶ 12. The Debtor spoke with Plaintiffs regarding the opportunity to purchase M&P. Around December-January 2003-2004, the Debtor executed an agreement to purchase the shares of M&P. Complaint, ¶¶ 16–17, 19. Following the

2

purchase of M&P, the Debtor ran the company's operations. The Debtor's wife Vera Raziyeva ("Vera") was also employed by M&P. Complaint ¶¶ 23–24.

### B. M&P's Payments to Plaintiffs and Plaintiffs' Assertion Of Ownership Interest in M&P

Over the course of the Debtor's management of M&P, M&P made payments to Plaintiffs. The amount and frequency of these payments decreased on or around May 2015 when M&P was sued for violations of the Fair Labor Standards Act. This pattern continued until sometime after the beginning of the pandemic in 2020, when M&P ceased making payments to Plaintiffs. Complaint, ¶¶ 32–33, 40–44, 46, 50–53.

In a letter dated July 17, 2020, Plaintiffs, through their attorney, asserted that they owned a 49% interest in M&P and requested that the Debtor buy out their interest and permit them to inspect M&P's books and records in order to determine the fair market value of their 49% interest. The Debtor denied that Plaintiffs had an ownership interest in M&P. Complaint, ¶¶ 54, 57.

### C. The Kings County Action

On October 15, 2020, Plaintiffs commenced an action in New York State Supreme Court, Kings County, entitled *Kats, et al. v. Raziyev*, Index No. 519957/2020 (the "Kings County Action"), seeking, among other things, a declaration that they are 49% shareholders in M&P as well as an accounting. On February 12, 2021, Plaintiffs amended their complaint to include a derivative claim on behalf of M&P against the Debtor for breach of fiduciary duty. The Plaintiffs do not assert any claims against the Debtor in their individual capacity. Complaint, ¶¶ 56, 59.

During September-October 2022, the parties appeared before a court-appointed referee to determine the issue of whether Plaintiffs had a 49% interest in M&P. On or about July

12, 2023, the referee issued a Report and Recommendation in which he concluded that Plaintiffs were 49% shareholders in M&P. The Report and Recommendation only addressed the issue of whether Plaintiffs had a 49% interest in M&P. In an order dated August 7, 2023, the Report and Recommendation was confirmed by the Supreme Court. The Debtor did not appeal the order. Complaint, ¶¶ 68, 70, 72.

## DISCUSSION

### A. Plaintiffs' 11 U.S.C. § 523 Action is Premature

A creditor must have an enforceable obligation against a debtor for its claim to be considered a "debt" under 11 U.S.C. § 523 and subject to a non-dischargeability proceeding. *Treasures London Ltd. v. Keswani (In re Keswani)*, Nos. 20-10315-JLG, 20-01084-JLG, 2021 Bankr. LEXIS 1292, at *12–13 (Bankr. S.D.N.Y. May 12, 2021). Accordingly, prior to the determination of a debtor's liability on such claim, a non-dischargeability proceeding is premature. *Id.* at 14–15 (collecting cases).

Here, the Plaintiffs have contingent, disputed and unliquidated claims. There has not been a determination that the Debtor is liable to the Plaintiffs, and therefore Plaintiffs have failed to plead that the Defendant owes them a debt that is subject to § 523. *Id.* at *12–15. Indeed, Plaintiffs have not even alleged a cause of action in the Complaint based upon which the Debtor would be liable to them, or sought a declaratory ruling of the amount of any debt the Debtor owes. Accordingly, the Complaint should be dismissed for failure to state a claim based upon which relief can be granted. *Id.*

### B. Plaintiffs Fail to State a Cognizable Claim Under § 523(a)(2)(A)

In order for debt to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A), it must arise from the Debtor's obtaining of money or property through false pretenses, false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). The plain language of § 523(a)(2)(A) requires

4

that the money or property "be transferred to the debtor *from the creditor* to sustain a claim under § 523(a)(2)(A)." *In re Bohn*, Nos. 13-35854 (RG), 14-1241 (RG), 2015 Bankr. LEXIS 1706, at *13 (Bankr. D.N.J. May 19, 2015) (emphasis added); *Fledderman v. Glunk (In re Glunk)*, 343 B.R. 754, 758 (Bankr. E.D. Pa. 2006), citing 4 Collier on Bankruptcy, 523.08[1][a] (15th rev. ed. 2005); *see also Kessler-Maue v. Maue (In re Maue)*, 611 B.R. 367, 397 (Bankr. W.D. Wash. 2019) (noting 11 U.S.C. § 523(a)(2)(A) does not except from discharge any debt arising out of false pretenses, false representation, or actual fraud, only debt for money obtained by means of them); *Whittaker v. Whittaker (In re Whittaker)*, 564 B.R. 115, 138 (Bankr. D. Mass. 2017) (same). Accordingly, liability to a creditor arising from a debtor receiving money from a third party, such as through the receipt of a dividend or other payment made by the third party, does not give rise to a non-dischargeability claim under § 523(a)(2)(A). *Holzhueter v. Groth (In re Holzhueter)*, 575 B.R. 444, 453 (Bankr. W.D. Wis. 2017), citing *Grogan v. Garner*, 498 U.S. 279, 282 n.2 (1991).

Here, Plaintiffs allege that the Debtor caused M&P to pay him money that would otherwise have been available to them in the form of a dividend and, accordingly, any liability arising from M&P's transfer to the Debtor is non-dischargeable under § 523(a)(2)(A). However, because the transfers alleged were not obtained through false pretenses, false representation, or actual fraud upon Plaintiffs, rather through M&P by means of the Debtor's control, they are not subject to § 523(a)(2)(A). *Holzhueter*, 575 B.R. at 453; *Bohn*, 2015 Bankr. LEXIS 1706, at *13; *Maue*, 611 B.R. at 397.

C. **Plaintiffs Lack Standing to Bring 11 U.S.C. § 523 Claims**

A complaint that fails to state the Plaintiff's standing to bring the claim qualifies for dismissal under Rule 12(b)(6). *See, e.g.*, *Am. Psych. Ass'n v. Anthem Health Plans, Inc.*, 821

F.3d 352, 359 (2d Cir. 2016), citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).

Under New York law, claims arising from the actions or inactions of a director or officer running a company do not give rise to a direct cause of action against the director or officer. *See, e.g.*, *Kitzen v. Hancock*, No. CV 17-6926 (ADS) (AKT), 2019 U.S. Dist. LEXIS 15887, at *19–20 (E.D.N.Y. Jan. 29, 2019) (collecting cases); *see also Serino v. Lipper*, 123 A.D.3d 34, 40 (1st.Dep't 2014) ("even where an individual harm is claimed, if it is confused with or embedded in the harm to the corporation, it cannot separately stand"); *Terry v. Charitable Donor Advised Fund, L.P.*, No. 1:21-cv-11059-GHW, 2024 U.S. Dist. LEXIS 18009, at *41 (S.D.N.Y. Feb. 1, 2024) (same). Moreover, claims for diversion of a corporation's assets belong to the corporation alone, not individual shareholders, and are not subject to a direct suit by shareholders. *Wolf v. Rand*, 258 A.D.2d 401, 403 (1st Dep't 1999); *Corner Furniture Disc. Ctr. v. Sapirstein*, No. 30522/2018E, 2019 N.Y. Misc. LEXIS 19600, at *7–8 (Bronx Cnt'y Sup. Ct. June 14, 2019).

Under New York Business Corporation Law § 626, a shareholder must first make demand that the corporation initiate the lawsuit itself before being permitted to bring a derivative suit, and can only be excused of this requirement if demand is futile. *See, e.g.*, *In re Bank of N.Y. Derivative Litig.*, 99 Civ. 9977 (DC), 99 Civ. 10616 (DC), 2000 U.S. Dist. LEXIS 16502, at *2–3 (S.D.N.Y. Nov. 13, 2000). Additionally, Rule 23.1 requires that a complaint brought derivatively on behalf of a corporation state with particularity:

> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>
> (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b)(3); *Romain v. Seabrook*, No. 16-CV-8470 (JPO), 2017 U.S. Dist. LEXIS 207056, at *11 (S.D.N.Y. Dec. 15, 2017); *Laufer v. Olla Indus., Inc.*, 96 F.R.D. 230, 232 (S.D.N.Y. 1982), *aff'd*, 729 F.2d 1444 (2d Cir. 1983). Courts have held that derivative standing requirements apply to § 523 actions as well. *Hulbert v. Cheeks (In re Cheeks)*, 467 B.R. 136, 147 (Bankr. N.D. Ill. 2012); *Blixseth v. Blixseth (In re Blixseth)*, 459 B.R. 444, 457-58 (Bankr. D. Mont. 2011).

Here, Plaintiffs have not alleged anything more than that the Debtor made use of M&P's assets in a manner in which he was not entitled to, which at most are claims that are embedded in M&P's loss of those assets. Therefore, Plaintiffs cannot bring the underlying cause of action in their individual capacities. *Sajust, LLC v. Mendelow*, 198 A.D.3d 582, 583 (1st Dep't 2021) (holding shareholder did not have standing to bring claim for partial loss where its partial loss was embedded in the corporate entity's total loss). Moreover, Plaintiffs' accusations of the Debtor diverting corporate assets do not give rise to a claim against the Debtor individually, rather M&P. *Wolf*, 258 A.D.2d at 403. Plaintiffs have not alleged that they made demand upon the trustee as the holder of the Debtor's interest to initiate this action against the Debtor, an entity in which the Debtor no longer has an individual interest, and therefore they lack standing to bring a § 523 action on behalf of M&P. *See, e.g.*, *In re Bank of N.Y. Derivative Litig.*, 2000 U.S. Dist. LEXIS 16502, at *2–3. Additionally, Plaintiffs failed to satisfy the federal pleading requirements to bring a derivative action under Rule 23.1 of stating their efforts to cause M&P itself to bring this action and the reasons M&P itself is not bring this action. Fed. R. Civ. P. 23.1(b)(3). Accordingly, the complaint must be dismissed.

7

4862-0270-9685, v. 4

## CONCLUSION

The Complaint should be dismissed for the reasons stated.

Dated: New York, New York  
April 12, 2024

R3M LAW, LLP  
Attorneys for the Debtor  
By:

/s/ Howard P. Magaliff  
HOWARD P. MAGALIFF  
WILLIAM C. BUZZINI  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
*hmagaliff@r3mlaw.com*