R3M Law, LLP
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff
William C. Buzzini

*Attorneys for Petr Raziyev*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
In re: :
:
PETR RAZIYEV : Chapter 11
: Case No. 23-44424 (NHL)
Debtor. :
----------------------------------------------------------- x
GREGORY KATS; ALEXANDER TSINIS and :
DIANA TSINIS, as Co-Administrators of the Es- :
tate of Eduard Tsinis, individually and derivatively : Adv. Pro. No. 24-1038
on behalf of M&P Food Productions, Ltd., :
:
Plaintiff, :
:
-against- :
:
PETR RAZIYEV, :
:
Defendant. :
----------------------------------------------------------- x

## REPLY IN SUPPORT OF DEBTOR'S
## <u>MOTION TO DISMISS COMPLAINT</u>

Realizing the weakness of their position, both statutorily and in light of current case law, Plaintiffs cite cases that are either off-point, overruled or outdated in support of their contention that their non-dischargeability request is ripe. Moreover, Plaintiffs' position does not square with proper statutory analysis.

Plaintiffs ignore the fact that they lack standing to bring this Complaint both under New York law and Rule 23.1 because most of their claims are only derivative, as they

themselves acknowledged in the Kings County Action.[1]  As such, they needed to make demand on M&P to bring this action itself.  Plaintiffs' only response – that the Debtor, who no longer has any interest or involvement in the defunct company is somehow still controlling it and, accordingly, Plaintiffs' demand would be futile – does not excuse their pleading failure.  Moreover, Plaintiffs' failure to make demand upon M&P's shareholders, as required by Rule 23.1, is inexcusable because the Debtor no longer owns any of the shares.  Accordingly, the derivative claims must be dismissed.

Plaintiffs' arguments that they adequately plead non-dischargeability grounds under section 523(a)(2)(A) ignores the plain meaning of the statute and case law interpreting it.  Plaintiffs' citations to what they say is controlling and persuasive precedent do not address the deficiency the Debtor raises regarding Plaintiffs' section 523(a)(2)(A) claim.  Accordingly, this cause of action must also be dismissed.

## ARGUMENT

### A. Plaintiffs' 11 U.S.C. § 523 Action is Premature

Other than citing all of the relevant statutory provisions, Plaintiffs fail to explain why the statutory analysis and case law the Debtor cited is incorrect.  Opposition, ¶¶ 44–51.  That case law requires that the proponent of a non-dischargeability action first establish the existence of a debt before seeking a determination of its non-dischargeability, even where a claim is filed and is included in the debtor's schedules.  *Treasures London Ltd. v. Keswani (In re Keswani)*, Nos. 20-10315-JLG, 20-01084-JLG, 2021 Bankr. LEXIS 1292, at *2–3, 11–15 (Bankr. S.D.N.Y. May 12, 2021) (collecting cases).  Plaintiffs ignore that section 523 only permits a creditor to whom the debtor is *liable* on a right to payment to request a determination that

---

[1] Terms not otherwise defined shall have the meanings ascribed to them in the Motion and Plaintiffs' opposition [ECF docs. 6, 8].

the liability is non-dischargeable, as indicated by use of the term "debt" as opposed to "claim", and the additional requirement of "liability" connotes that the right to payment is judicially recognized. *See id.* at *11–15; *In re Conway*, 96 B.R. 311, 313–14 (D. Colo. 1989) (upholding dismissal of 11 U.S.C. § 523(c)(1) proceeding despite permitting the creditor to maintain a 11 U.S.C. § 727(a) proceeding because the creditor had failed to establish that its claim had been reduced to a "debt"); *see also Stark v. Stark*, 414 F. App'x 981, 983 (9th Cir. 2011) (requiring bankruptcy court to determine whether the debtor owed a debt to the creditors as part of the non-dischargeability proceeding). Accordingly, a creditor's failure to establish liability is fatal to a non-dischargeability complaint. *See id.*

Instead, Plaintiffs cite a string of non-dispositive cases, two of which are readily distinguishable and one of which was reversed on appeal. *First Fed. Sav. & Loan Ass'n of Rochester v. Kelley (In re Kelley)*, 163 B.R. 27 (Bankr. E.D.N.Y.1993), is distinguishable because the debtor was liable on the underlying note and, accordingly, a determination of non-dischargeability was ripe despite the possibility that the debtor's liability might be satisfied from the proceeds of the foreclosure sale. *Id.* at 30, 33.

*In re Ranciato*, 638 B.R. 275 (Bankr. D. Conn. 2022), is irrelevant because it states only that "[a] bankruptcy court may determine the dischargeability of an unliquidated debt, or, a cause of action, without *liquidating the debt*," and not without determining the existence of a debt. *Id.* at 285 (emphasis added).

*In re Stark*, 06-11966-B-7, 2007 WL 2505563, at * 3 (Bankr. E.D. Cal. Aug. 31, 2007), is unavailing because the Court of Appeals for the Ninth Circuit did not adopt the bankruptcy court's analysis that the judgment was unnecessary to conduct a non-dischargeability proceeding, and rather instructed the bankruptcy court on remand to determine whether the debtor "*owes a debt to the Creditors,* how much that debt is, and whether the debt is nondischargeable."

3

*Stark*, 414 F. App'x at 983 (emphasis added). Accordingly, the majority of courts favor the Debtor's statutory interpretation.

Moreover, insofar as Plaintiffs' non-dischargeability claim stems from their pre-petition sanctions motion, prior to the court *imposing* a sanction, the Debtor is not liable to Plaintiffs in any sense and, accordingly, Plaintiffs' request that this Court determine the non-dischargeability of a future sanction is premature. *See Keswani*, 2021 Bankr. LEXIS 1292, at *15, citing *Deemer v. Deemer (In re Deemer)*, 360 B.R. 278, 281–82 (Bankr. N.D. Iowa 2007) (holding where communally held asset had not yet been designated for a support obligation, the court could not rule on its dischargeability because it was not yet "owed to or recoverable by Plaintiff from Debtor").

### B. Plaintiffs Fail to State a Cognizable Claim Under § 523(a)(2)(A)

Plaintiffs assert that any debt the Debtor owes that is related to his fraudulent activity is excepted from discharge under section 523(a)(4)(A). Opposition, ¶¶ 52–68. However, Plaintiffs conveniently ignore the precedent the Debtor cites that section 523(a)(4)(A) requires that a debtor's acquisition of funds, and any liability flowing from that acquisition, come through fraud, as indicated in the statute. *See Holzhueter v. Groth (In re Holzhueter)*, 575 B.R. 444, 453 (Bankr. W.D. Wis. 2017) (holding the debtor's liability to return a dividend which the company received through fraud perpetrated by the debtor did not satisfy section 523(a)(4)(A) because the debtor's liability arose from the receipt of the dividend which was not acquired through fraud), citing *Grogan v. Garner*, 498 U.S. 279, 282 n.2 (1991) (noting that fraud in which the debtor did not obtain money from the plaintiffs "are more appropriately governed by § 523(a)(6))."). Plaintiffs' citation to *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355 (2016) is unavailing because there the debtor obtained a fraudulent conveyance which is considered to defraud creditors. *Id.* at 364-65.

4

4886-2209-5806, v. 4

Here, Plaintiffs have never asserted a direct or derivative cause of action against the Debtor for having committed some form of fraud against them or M&P by which he acquired funds. Accordingly, Plaintiffs have failed to plead that the Debtor obtained funds through fraud to satisfy the section 523(a)(2)(A) requirement. *See Holzhueter*, 575 B.R. at 453. Plaintiffs' citation to *Cohen v. de la Cruz*, 523 U.S. 213 (1998) is also irrelevant because the court there held only that all liability directly flowing from the debtor's obtaining funds through fraud, such as treble damages of the amount obtained, constitute "debt" incurred through obtaining funds fraudulently. *Id.* at 218–21. Here, the Debtor's liability, as pled, would stem from his abuse of his position in M&P and not on account of his committing fraud against anyone. *See Holzhueter*, 575 B.R. at 453.

C. **Plaintiffs Lack Standing to Bring Section 523 Claims**

Plaintiffs assert they are permitted to bring a direct cause of action for a determination of dischargeability and also a derivative action for a determination of dischargeability because demand upon M&P would be futile. Opposition, ¶¶ 69–77.

Plaintiffs' argument that they are permitted to bring a direct action fails because even according to their claims they do not have a right to payment from the Debtor, thereby failing to qualify as a creditor for standing to bring a non-dischargeability action under section 523(c)(1). 11 U.S.C. §§ 101(5)(A), 101(10), 523(c)(1). Case law cited by Plaintiffs for the proposition that they have direct claims against the Debtor has been narrowed to instances where the controlling shareholder-debtor in his corporate capacity induced the only other shareholder to take actions on behalf of the company through which the shareholder was harmed. *Pomainville v. Pomainville*, 254 B.R. 699, 705–06 (Bankr. S.D. Ohio 2000) (explaining that the court in *In re Phillips* ultimately awarded the individual a non-dischargeability judgment on the harm directly caused to him and awarded the company a non-dischargeability judgment on the remainder of

the claim), citing *Ferraro v. Phillips (In re Phillips)*, 185 B.R. 121, 133 (Bankr. E.D.N.Y. 1995). Otherwise, the general rule that claims arising from the actions or inactions of a director or officer running a company do not give rise to a direct cause of action against the director applies. *Pomainville v. Pomainville*, 254 B.R. 699, 705-06 (Bankr. S.D. Ohio 2000); *see also Kitzen v. Hancock*, No. CV 17-6926 (ADS) (AKT), 2019 U.S. Dist. LEXIS 15887, at *19–20 (E.D.N.Y. Jan. 29, 2019) (collecting cases); *Serino v. Lipper*, 123 A.D.3d 34, 40 (1st.Dep't 2014) ("even where an individual harm is claimed, if it is confused with or embedded in the harm to the corporation, it cannot separately stand"); *Terry v. Charitable Donor Advised Fund, L.P.*, No. 1:21-cv-11059-GHW, 2024 U.S. Dist. LEXIS 18009, at *41 (S.D.N.Y. Feb. 1, 2024) (same); *Wolf v. Rand*, 258 A.D.2d 401, 403 (1st Dep't 1999) (claims for diversion of a corporation's assets belong to the corporation alone and not individual shareholders and are not subject to direct suit); *Corner Furniture Disc. Ctr. v. Sapirstein*, No. 30522/2018E, 2019 N.Y. Misc. LEXIS 19600, at *7–8 (Bronx Cnt'y Sup. Ct. June 14, 2019) (same).

Although Plaintiffs mention that the Debtor has given mixed signals as to whether their claims are direct or derivative, the fact of the matter is that it is a question of law and not a factual dispute and, accordingly mixed messages are wholly irrelevant. Moreover, the Debtor referenced the basis of Plaintiffs' claims being the Kings County Action, in which Plaintiffs made only a derivative claim in their amended complaint after originally having asserted direct claims. *Compare* NYSCEF Docs. 1 and 11, Kings County Action. Accordingly, Plaintiffs' newly adopted position that they possess individual claims should be given little weight.

Turning to Plaintiffs' derivative claims, Plaintiffs miss the point regarding demand. First, Plaintiffs never made demand to bring the non-dischargeability action, and the futility of demand statement in the Kings Action complaint does not address the fact that the Debtor is no longer a shareholder of the M&P and, accordingly, no longer exercises control over the

6

4886-2209-5806, v. 4

entity. To the extent that the Court would even consider incorporating an exhibit from a complaint in another action to excuse Plaintiffs' failure to make demand, Plaintiffs' assertion that "nothing has changed with respect to the ownership or control of M&P" is patently false because the Debtor's 51% interest is now property of the estate and the Debtor no longer acts as an officer or director of the defunct entity. *M+J Savitt, Inc. v. Savitt*, No. 08 Civ. 8535 (DLC), 2009 U.S. Dist. LEXIS 21321, at *12–16 (S.D.N.Y. Mar. 17, 2009) (holding demand must be futile at the time of filing the complaint under New York law); *Johnson v. Arthur Espey, Shearson, Hammill & Co.*, 341 F. Supp. 764, 767 (S.D.N.Y. 1972) (holding that demand upon a controlling director is irrelevant "since that *man is no longer in a position to control [the] decision to bring suit*"); *Ray v. Anderson (In re Piedmont Venture Mgmt.)*, Nos. 05-32242, 05-32243, 05-03517, 05-03519), 2006 Bankr. LEXIS 4017, at *13 (Bankr. W.D.N.C. May 19, 2006) (noting that the general partners ending their involvement with a limited partnership defeats a demand futility argument).

    Plaintiffs have also failed to satisfy the federal pleading requirement of explaining why they did not make an effort to obtain the desired action from the trustee because the Debtor no longer controls his shares, to which they have no answer. Fed. R. Civ. P. 23.1(b)(3); *see also M+J Savitt, Inc*, 2009 U.S. Dist. LEXIS 21321, at *22–24 (requiring under Fed. R. Civ. P. 23.1 that futility exist at the time of the filing of the complaint); *Miller v. Staab*, 2005 Kan. App. Unpub. LEXIS 314, at *7 (Ct. App. June 17, 2005) ("A demand upon a bankruptcy trustee would not typically be futile or useless."). Accordingly, Plaintiffs' derivative action must be dismissed. *See, e.g.*, *Tr. Agreement of Sushner v. C.A. Harrison Cos.*, LLC, No. 22-cv-2837 (CRC), 2023 U.S. Dist. LEXIS 174517, at *15 (D.D.C. Sep. 28, 2023) ("To bring a derivative action in federal court, a plaintiff must meet the requirements of Federal Rule of Civil Procedure 23.1.").

Therefore, the Complaint should be dismissed for the reasons stated.

Dated: New York, New York
        May 22, 2024

R3M LAW, LLP
Attorneys for the Debtor
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
WILLIAM C. BUZZINI
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*
*wbuzzini@r3mlaw.com*